UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

05 142 T

IN RE:

**RHODE ISLAND LABORER'S DISTRICT COUNCIL, by and through, TRUSTEES OF THE RHODE ISLAND LABORERS' HEALTH AND WELFARE FUND, TRUSTEES OF THE RHODE ISLAND LABORERS' PENSION FUND, TRUSTEES OF THE RHODE ISLAND LABORERS' TRAINING TRUST FUND, TRUSTEES OF THE RHODE ISLAND LABORERS' LEGAL SERVICES FUND, AND TRUSTEES OF THE RHODE ISLAND CONSTRUCTION INDUSTRY ADVANCEMENT FUND**

VS. C.A. NO.

PYTKO CONSTRUCTION CORP.

## COMPLAINT

## COUNT I

1. This Court has jurisdiction of this action under the Employee Retirement Income Security Act (ERISA), 29 USC 1001 et seq., specifically 29 USC, Section 1132, and the Labor Management Relations Act, Section 301, 29 USC Section 185 (a) and (c)

2. Venue in the district of Rhode Island is proper in that Plaintiffs are seeking enforcement of an agreement entered into by Defendant in Rhode Island, covering work within the District of Rhode Island, and all parties conduct business within the District of Rhode Island.

3. Plaintiff, Rhode Island Laborers' District Council of the Laborers' International Union of North America, hereinafter referred to as "the Union", is a labor organization within the meaning of the National Labor Relations Act, Section 2(5), 29USC 152 (5). Plaintiff Union is duly organized and recognized employee organization under 29 USC 1002 (4).

4. The office of Plaintiff Union is located at 410 South Main Street, Providence, Rhode Island.

5. Plaintiff Union is empowered to bring this action pursuant to 28 USC 185 (b).

6. The Trustees of the Rhode Island Laborers' Health and Welfare Fund are fiduciaries duly appointed to oversee the administration of a multi-employer plan established

under Section 302 of the Labor Management Relations Act for the purpose of providing health care benefits for employees covered by collective bargaining agreements negotiated by the Rhode Island Laborers' District Council; of the Laborers' International Union of North America or by its affiliated local unions. Plaintiff Fund is a duly organized and recognized trust fund under 29 USC 1002 (1).

7. The Trustees of the Rhode Island Laborers' Pension Fund are fiduciaries duly appointed to oversee the administration of a multi-employer plan established under Section 302 of the Labor Management Relations Act for the purpose of providing retirement benefits for employees covered by collective bargaining agreements negotiated by the Rhode Island Laborers' District Council of the Laborers' International Union of North America or by its affiliated local unions. Plaintiff Pension Fund is a duly organized and recognized pension fund under 29 USC 1002 (2).

8. The office of the Plaintiff funds is located at 200 Midway Road, Cranston, Rhode Island.

9. Plaintiff trustees are empowered to bring this action pursuant to 29 USC 1132 and 29 USC 1145.

10. PYTKO CONSTRUCTION CORP., is a corporation having its usual place of business at 2440 Mendon Road, Cumberland, Rhode Island 02864.

11. Defendant, PYTKO CONSTRUCTION CORP., is an employer by definition of 29 USC 1002 (5)

12. At all times relevant hereto PYTKO CONSTRUCTION CORP., has been a party and signatory to a collective bargaining agreement with Plaintiff Union. A copy of said agreement is attached hereto as Exhibit "A".

13. Said agreement provides by its terms that PYTKO CONSTRUCTION CORP., in its capacity as employer, shall make contributions for each employee covered thereby to the Rhode Island Laborers' Health and Welfare Fund and to the Rhode Island Laborers' Pension Fund, in the amounts designated for each hour worked for each such covered employee. Said payments to be made no later than the twentieth (20th) day of each and every month for all hours worked by said employees.

14. Said agreement provides by its terms that PYTKO CONSTRUCTION CORP., in its capacity as employer, upon being determined to be delinquent by the Plaintiff Board of Trustees, is solely responsible for the payment of all attorney's fees, sheriffs' costs, accounting and court costs involved in the collection of its delinquent obligations.

15. The Board of Trustees have determined that Defendant is delinquent in its payment of contributions to the aforementioned fund, in that union members have performed work for PYTKO CONSTRUCTION CORP., but no payments have been remitted on their behalf.

16. This action is brought pursuant to ERISA 29 USC 1001, et seq., specifically 29 USC 1132 and 29 USC 1145 to recover on account of delinquent contributions due and owing to the Rhode Island Laborers' Health and Welfare Fund and to the Rhode Island Laborers' Pension by Defendant.

17. The Rhode Island Laborers' Health and Welfare Fund and the Rhode Island Laborers' Pension Fund are qualified plans pursuant to the relevant provisions of the Internal Revenue Code.

18. Notwithstanding prior notice and written demand for payment, Defendant has failed and refused to make required contributions to the Rhode Island Laborers' Health and Welfare Fund and to the Rhode Island Laborers' Pension Fund.

19. A copy of the within complaint has been forwarded by certified mail to the Secretary of Labor and the Secretary of the Treasury in Washington, D.C.

WHEREFORE, the Plaintiffs pray for the following relief.

1. An award that the Defendant cease and desist from failing to make legally required contributions to the plans;

2. That the Defendant be ordered to pay the sums due and owing and provide an accounting thereof;

3. That the Defendant be ordered to pay liquidated damages to the plans in the amount determined by the Court to be due and owing under Paragraph 2 above;

4. That the Defendant be ordered to pay reasonable attorney's fees, sheriffs' costs, accounting and court costs of the action pursuant to its collective bargaining agreement with Plaintiff Union; and

5. That this Court award such further legal and/or equitable relief as it may deem appropriate including but not limited to pre-judgment interest.

**COUNT II**

Plaintiff incorporates by reference paragraphs one through nineteen of Count I of this Complaint.

1. The collective bargaining agreement entered into by Plaintiff Union and Defendant requires that Defendant, in its capacity as employer, shall make contributions for each employee covered thereby to the Rhode Island Laborers' Training Trust Fund, Rhode Island Laborers' Legal Services Fund, and Rhode Island Construction Industry Advancement Fund. Said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said Employees.

2. The Rhode Island Laborers' Training Trust Fund was established in compliance with the Labor Management relations Act of 1947 and is an exempt trust plan as defined by Section 501 of the Internal Revenue Code. It is an affiliate of the New England Training Trust Fund.

3. The Rhode Island Laborers' Training Trust Fund maintains offices at 410 South Main Street, Providence, Rhode Island.

4. The Rhode Island Laborers' Legal Services Fund was established pursuant to Section 302 of the National Labor Relations Act.

5. The Rhode Island Laborers' Legal Services Fund maintains offices at 410 South Main Street, Providence, Rhode Island.

6. The Rhode Island Construction Industry Advancement is a tax-exempt organization under the Internal Revenue Code Section 501 (c) (6).

7. The Rhode Island Construction Industry Advancement Fund maintains offices at 269 South Main Street, Providence, Rhode Island.

8. The collective bargaining agreement entered into by Plaintiff Union and Defendant requires that Defendant, in its capacity as employer, shall deduct the amount of .70 cents per hour worked for the period June 1, 2001 through May 31, 2005.

9. All of the Defendant employees covered under its collective bargaining agreement with Plaintiff Union have authorized such deduction in writing.

10. Notwithstanding prior notice and written demand for payment, Defendant has failed and refused to make the required contributions to the Rhode Island Laborers' Training Trust Fund, Rhode Island Laborers' Legal Service Fund and Rhode Island Construction Industry Advancement Fund.

WHEREFORE, The Plaintiffs pray for the following relief:

1. An award that the Defendant cease and desist from failing to make legally required contributions to the aforementioned Funds and Programs;

2. That the Defendant cease and desist from retaining authorized payroll deductions from union dues and voluntary political contributions;

3. That the Defendant be ordered to pay forthwith the sums to the aforementioned Funds as this Court shall determine to be due and owing;

4. That the Defendant be ordered to pay liquidated damages to the Plaintiff in the amount determined by the Court to be due and owing under Paragraph 3, above;

5. That the Defendant be ordered to pay reasonable attorney's fees, sheriffs' costs, accounting and court costs of the above action pursuant to its collective bargaining agreement with Plaintiff Union; and

6. That this Court award such further legal or equitable relief as it may deem appropriate including but not limited to pre-judgment interest.

PLAINTIFF,
By its Attorneys,
*COIA & LEPORE, LTD.*

Peter J. Comerford, Esquire (#3588)
226 South Main Street
Providence, Rhode Island 02903
(401) 751-5522

Dated: April 6, 2005

# Rhode Island Laborers' District Council Agreements
# Building — Plasterers — Heavy, Highway and Tunnel
# Acceptance of Agreements and Declaration of Trust

The undersigned Employer has read and here approves the following Agreements: by and between the Rhode Island Chapter Associated General Contractors of America, Inc., dated May 29, 1995, by and between the Contracting Plasterers' Association of Providence and Vicinity dated May 29, 1995 and by and between the Construction Industries of Rhode Island dated May 29, 1995, and the Rhode Island Laborers' District Council of the Laborers' International Union of North America acting on behalf of Construction and General Laborers' Local Union 15, Westerly, Local Union 271, Providence, and Local Union 673, Newport, Rhode Island, and any successor agreement between the parties, and herewith accepts the same and becomes one of the parties thereto and agrees to abide by all its terms and conditions.

The life of these Agreements is to be co-extensive with the terms set out or as they shall be set out from time to time in the aforementioned collective bargaining Agreements with the above-named Associations and shall continue in effect unless the Employer gives the union notice of desired change or termination of a particular collective bargaining Agreement in keeping with the applicable notice provisions contained therein.

These Agreements shall be binding upon the Employer named herein, and its successors and assigns, and no provisions herein contained shall be nullified or affected in any manner as a result of any consolidation, sale, transfer, assignment, joint venture or any combination or other disposition of the Company.

The said Agreements provide among other conditions, contributions to the **Rhode Island Laborers' Health Fund, Rhode Island Laborers' Pension Fund, New England Laborers' Training Fund, Rhode Island Laborers' Legal Service Fund, Rhode Island Laborers' Annuity Fund, the New England Laborers' Labor-Management Cooperation Trust Fund, and the New England Laborers' Health and Safety Fund** and the Employer agrees to be bound by the foregoing Agreements and Declaration of Trust and hereby irrevocably designates as its representatives on the Board of Trustees, such Trustees as are named in said Agreements as Employer Trustees, together with their successors selected in the manner provided within said Agreements, and agrees to be bound by all actions taken by said Employer Trustees pursuant to the said Agreements and Declaration of Trust.

**Rhode Island Laborers' District Council/Local Union:**

Rhode Island Laborers' District Council

[signature] Bus. Mgr.
*By its Authorized Representative*

Address: 410 South Main Street

City: Providence, RI 02903

**Employer:**

PYTKO CONSTRUCTION CORP.
*company name*

[signature]
*signature*

PAUL F. PYTKO
*please print or type name signed*

Address: 2440 MENDON RD

City: CUMBERLAND RI 02864

Phone No.: 401-658-4040

Date: 1/2/96